UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN BLACK, #497061,

    Plaintiff,

                                      CASE NO. 2:11-CV-14156
v.                                       HONORABLE JOHN CORBETT O'MEARA

MICHIGAN DEP'T OF CORRECTIONS,

    Defendant.

_____ /

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION
FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE
FILING FEE AND DISMISSING HIS CIVIL RIGHTS COMPLAINT**

**I.    Introduction**

Michigan prisoner Ivan Black ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs so that he may proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff makes the following factual allegations:

> I'm independent and interdependent. My medicine keeps being lowered by P-ro-claimed doctor of some sort due to lush (coved by abundant growth) and lust (intense sexual desire) from those who charge marry amounts of medicine to avoid marring a low-lying person who is a multi-medicine thief. To grant these purposely prisoner and who they work for immunity is fraud because I did not do this before so immunity should not e in places unless A(I) purposely came to thee Michigan Department of Corrections for living reasons.

Under the statement of claims, he states:

> I have studies in several type of governments. I live a honest life and have gay days with or without because in God we trust.

> Transgenders (I) know that I'm real and transgenders are real which makes others upset informal to most people do anything to fit in.

1

> People know what it takes to be a transgender in medicine so via they misuse doctors in medicine to commit fraud to lie and misuse their degree.

Plaintiff also attaches several pages to his form complaint entitled "Medicine Medical Malpractice" which contain rambling and, at times, nonsensical allegations, and grievances and other forms which indicate that he is being treated for asthma and gender issues. For relief, Plaintiff requests inhalers, inhalation pills, estrogen, placement on behavior watch, release from custody, and $10,000 quindecillion and $919 billion in monetary damages.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Black v. Corrections Officers*, No. 2:10-CV-13368 (E.D.

2

Mich. Sept. 9, 2010); *Black v. Michigan Dep't of Corrections, et al.*, No. 2:10-CV-12664 (E.D. Mich. July 15, 2010); *Black v. State of Michigan*, No. 2:10-CV-11483 (E.D. Mich. June 11, 2010); *Black v. Michigan Dep't of Corrections*, No. 1:09-CV-01076 (W.D. Mich. Dec. 29, 2009); *Black v. MDOC Bureau of Health Care, et al.*, No. 2:08-CV-11197 (E.D. Mich. April 14, 2008). Plaintiff has also been put on notice that he is a three-striker and had a case dismissed pursuant to 28 U.S.C. § 1915(g). *See Black v. Sosnick*, No. 2:11-CV-13271 (E.D. Mich. Aug. 11, 2011). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has neither alleged nor established that he "is under imminent danger of serious physical injury" so as to fall within the exception to the three strikes provision set forth in 28 U.S.C. § 1915(g). While he seems to raise "medical malpractice" claims in his complaint, he has not shown that he is under imminent danger of serious physical injury. In fact, the documents attached to his complaint reveal that he is being regularly seen by health care officials and treated with various medications. Plaintiff has failed to establish that he should be allowed to proceed *in forma pauperis* despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. Additionally, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendant or summarily dismissed under 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim

upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


                                              s/John Corbett O'Meara
                                              United States District Judge


Date:  September 30, 2011



I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, September 30, 2011, using first-class U.S. mail.


                                              s/William Barkholz
                                              Case Manager